IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerrimire Jackson, | C/A No. 0:24-4364-SAL-PJG |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Sumter County Sheriffs Office Detention Center; Anthony Dennis; Officer McCray, | |
| Defendants. | |

Plaintiff Jerrimire Jackson, a self-represented state pretrial detainee, brings this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for initial review pursuant to 28 U.S.C. § 1915 and § 1915A. By order dated August 29, 2024, the court provided Plaintiff the opportunity to file an amended complaint to correct deficiencies identified by the court that would warrant summary dismissal of the Complaint pursuant to § 1915 and § 1915A. (ECF No. 10.) Plaintiff filed an Amended Complaint on September 30, 2024. (ECF No. 14.) Having reviewed the Amended Complaint in accordance with applicable law, the court concludes the Amended Complaint still fails to state a viable claim and should be summarily dismissed without prejudice and without issuance of service of process.

In the original Complaint, Plaintiff alleged the detention center's electric doors closed on him, injuring his shoulder, arm, and back, and that detention center officer McCray later pushed him into a wall. The court issued an order identifying deficiencies in the Complaint that justify summary dismissal of Plaintiff's action. (ECF No. 10.) The court explained that neither the detention center nor Sheriff Anthony Dennis in his official capacity are persons amenable to suit under § 1983 and that Plaintiff failed to allege facts showing personal involvement by the

defendants in the incidents giving rise to Plaintiff's claim or that those incidents resulted in a constitutional injury. Plaintiff responded by providing additional information about his injuries from the sliding doors.

The court finds that despite having availed himself of the opportunity to cure the deficiencies previously identified by the court, Plaintiff's Amended Complaint should nonetheless be summarily dismissed because Plaintiff still fails to explain how Dennis or McCray were personally involved in the alleged incidents underlying Plaintiff's claim and the detention center is not amenable to suit.

Accordingly, the court recommends that the Amended Complaint be summarily dismissed without prejudice and without issuance and service of process.

October 16, 2024  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).